```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
MICHAEL BLACKNALL,              :
                                :    Civil Action No. 12-5839 (JAP)
          Petitioner,           :
                                :
     v.                         :    **MEMORANDUM OPINION**
                                :
CHRISTOPHER HOLMES,             :
                                :
          Respondent.           :
                                :
_____:

**APPEARANCES**:

Petitioner <u>pro se</u>
Michael Blacknall
South Woods State Prison
Bridgeton, NJ 08302

**PISANO**, District Judge

   Petitioner Michael Blacknall, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on aggravated assault and various weapons charges. Petitioner neither prepaid the filing fee nor submitted an application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

   <u>The Filing Fee Requirement</u>

   The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Alternatively, pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus

and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account, and (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.  Accordingly, the Petitioner will be administratively terminated for failure to satisfy the filing fee requirement.

Petitioner will be granted leave to apply to re-open by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.  In addition, to the extent Petitioner seeks leave to re-open, the Court will address herein certain other issues.

The "Mason" Notice/ Exhaustion Requirement

Petitioner states in the Petition that he has not exhausted Ground Nine (ineffective assistance of counsel on direct appeal),

which is presently pending before the state courts through a state petition for post-conviction relief. Petitioner states that he has not exhausted this claim because there are only fourteen months left on his state sentence, and by the time he exhausts this claim, he may no longer be in custody to pursue his claims through a federal § 2254 petition.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

3

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522. Under certain circumstances, where dismissal under Lundy would jeopardize a prisoner's timely presentation of his federal claims to a federal court, a federal court may stay the federal petition until exhaustion of the prisoner's claims in state court. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

Here, the allegations of the Petition do not suggest that dismissal would jeopardize Petitioner's ability to timely return to federal court following exhaustion of his unexhausted claim in state court. The New Jersey Supreme Court denied certification in Petitioner's direct appeal on February 27, 2012. See State v. Blacknall, 209 N.J. 430 (2012). Petitioner's conviction became final ninety-days later, on May 27, 2012, when the deadline expired for filing a petition for writ of certiorari with the United States Supreme Court. Before that date, on April 24, 2012, Petitioner filed his state petition for post-conviction relief. Accordingly, it appears that the Petition would be subject to dismissal without prejudice as a "mixed" petition.

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of

4

filing a § 2254 Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Petition.

Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1) (limitations period) and § 2244(d)(2) (tolling provision).  A prisoner may not bring a "second or successive" petition under § 2254 unless authorized by the Court of Appeals upon a showing of certain extraordinary circumstances.  See 28 U.S.C. § 2244(b).

It is not apparent to the Court whether Petitioner intends this Petition to be his one all-inclusive § 2254 Petition. Therefore, if Petitioner applies to re-open this matter, he must advise the Court at that time as to how he wants to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of the accompanying Order: (a) have the pending § 2254 Petition ruled upon as filed, knowing that it will likely be dismissed without prejudice as a "mixed" petition; or (b) withdraw the unexhausted Ground Nine and proceed

only with the exhausted claims, knowing that he will likely lose forever the ability to raise Ground Nine in a federal habeas petition; or (c) withdraw the pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.

CONCLUSION

    For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis, and by advising the Court how he wishes to proceed.

    An appropriate Order will be entered.


                                            /s/ Joel A. Pisano
                                            JOEL A. PISANO
                                            United States District Judge

Dated: September 21, 2012