NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BLACKNALL, | : |
| Petitioner, | : Civil Action No. 12-5839 (JAP) |
| v. | : **OPINION** |
| CHRISTOPHER HOLMES, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Michael Blacknall
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
  Petitioner pro se

**PISANO**, District Judge

  Petitioner Michael Blacknall, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondents are Administrator Christopher Holmes and the Attorney General of New Jersey.

  For the reasons stated herein, the Petition shall be stayed.

---

[1] This Court previously entered a Memorandum Opinion and Order [2, 3] administratively terminating this matter for failure to prepay the filing fee or submit an application for leave to proceed in forma pauperis. Petitioner has now paid the filing fee. Accordingly, the Clerk of the Court will be directed to re-open this matter for further proceedings.

I. BACKGROUND

Petitioner is a state prisoner serving a 10-year sentence upon his conviction of aggravated assault and related offenses. According to the Petition, judgment was imposed on December 13, 2008, following a jury trial in the Superior Court of New Jersey, Monmouth County, Criminal Division.

On direct appeal, the Superior Court of New Jersey affirmed the conviction and sentence. State v. Blacknall, 2011 WL 2582561 (N.J. Super. App. Div. July 1, 2011) (on appeal of Monmouth County Indictment No. 07-08-1722). On February 27, 2012, the Supreme Court of New Jersey denied certification. State v. Blacknall, 209 N.J. 430 (2012). According to the Petition, Petitioner did not file a petition for certiorari in the United States Supreme Court. (Petition, ¶ 9.)

On May 24, 2012, Petitioner filed a state petition for post-conviction relief, (Pet., ¶ 10(e)), which remained pending when Petitioner submitted this federal Petition on September 3, 2012. This Petition asserts nine grounds for relief. Petitioner acknowledges that Ground Nine, denial of the right to effective assistance of counsel on direct appeal, has not been exhausted, because it was first asserted in the state petition for post-conviction relief that remains pending.[2]

On September 21, 2012, this Court entered its Opinion and Order [2, 3] administratively terminating this action for failure to prepay the filing fee or to submit an application for leave to proceed in forma pauperis. In its Opinion and Order, this Court also provided the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), regarding the consequences of filing a

---

[2] Petitioner asserts four errors by appellate counsel, including the failure to raise, as "plain error" on direct appeal, issues regarding the scope and admissibility of both lay and expert opinion testimony and allegedly improper jury instructions.

petition for writ of habeas corpus under 28 U.S.C. § 2254. In its prior Opinion and Order, this Court also noted that the Petition was a "mixed" petition containing both exhausted and unexhausted claims and that none of the one-year federal habeas limitations period, see 28 U.S.C. § 2244, had lapsed before Petitioner filed his state petition for post-conviction relief. Accordingly, this Court ordered Petitioner to advise the Court how he wished to proceed. Petitioner was advised to choose from the following options: (a) to have the pending Petition ruled upon as filed, knowing that it would likely be dismissed without prejudice as a "mixed" petition, or (b) to withdraw the unexhausted Ground Nine and proceed only with the exhausted claims, or (c) to withdraw the pending Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.

In his Response [4], Petitioner selected none of the above options, but instead asked this Court to stay this Petition until Petitioner had exhausted his state remedies with respect to the unexhausted Ground Nine. As justification for the request, Petitioner asserted that he anticipates that he will no longer be in custody, for purposes of bringing a § 2254 petition, by the time his state remedies are exhausted.[3] Thus, he contends that the combination of his short sentence and the time it takes to exhaust state remedies renders the state procedures ineffective to protect his right to utilize § 2254 to challenge his state conviction. (Letter Response [4].)

---

[3] The Court notes that the New Jersey Department of Corrections Inmate Locator reflects that Petitioner's maximum release date is December 28, 2013. See https://www6.state.nj.us/DOC_Inmate/details?x=1013879&n=0 .

The Court further notes that a review utilizing Westlaw reflects no state trial or appellate court decision on Petitioner's state petition for post-conviction review, suggesting that those proceedings remain pending.

II. ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly

4

presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989). Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522.

At the time Lundy was decided, however, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. ... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

The Court of Appeals for the Third Circuit has noted that there is "some merit" to the concern that a prisoner might become unable to proceed in a federal collateral challenge to a conviction because he will be released from custody before his state remedies are exhausted and his directed that District Courts should consider this concern along with the other Rhines factors in determining whether a stay is appropriate. See Gerber v. Varano, 512 F.App'x 131, 135 (3d Cir. 2013).

Here, Petitioner was diligent in pursuing his state remedies. As noted above, he filed his state petition for post-conviction relief before his conviction even became final for purposes of calculating the start of the federal limitations period. While the information available at this time

6

to evaluate the four claims of ineffective assistance of appellate counsel is limited, the claims are not plainly meritless. Accordingly, this Court will exercise its discretion, in the interest of justice, to stay this Petition pending completion of proceedings with respect to Petitioner's state petition for post-conviction relief. See Chavarriaga v. Lanigan, Civil Action No. 12-7700, 2013 WL 276185 (D.N.J. Jan. 24, 2013).

III. CONCLUSION

For the reasons set forth above, Petitioner's request to stay this action will be granted, as set forth more specifically in the accompanying order.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: August 26, 2013